UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61658-WILLIAMS /VALLE

AZ55S, LLC,

    Plaintiff,

v.

FLINSCO.COM, LLC,

    Defendant.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant's Motion to Dismiss Amended Complaint or for a More Definite Statement (ECF No. 28) (the "Motion"). United States District Judge Kathleen M. Williams has referred the Motion to the undersigned for a report and recommendation. *See* (ECF No. 29). Accordingly, having reviewed the Amended Complaint (ECF No. 24), the Motion, the Response (ECF No. 42), and Defendant's Reply (ECF No. 43), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **DENIED** for the reasons set forth below.

### I.    BACKGROUND

In September 2022, Plaintiff filed a two-count Complaint against Defendant insurance agent/broker generally alleging that Defendant failed to properly procure marine insurance for Plaintiff's 55' Azimut Yacht, which sunk on July 4, 2022 after its engine overheated. *See generally* (ECF No. 1). In December 2022, Plaintiff filed an Amended Complaint alleging three causes of action: (i) breach of contract for failure to procure marine insurance coverage (Count 1); (ii) breach of fiduciary duty (Count 2); and (iii) negligence (Count 3). *See generally* (ECF No.

24). Plaintiff seeks $785,000 in damages, including direct, consequential, and incidental damages. *Id.* at 6, 8, 10.

In the Motion, Defendant seeks dismissal of the Amended Complaint or, alternatively, a more definite statement regarding consequential and special damages. *See generally* (ECF No. 28). Defendant argues that Count 1 (breach of contract) should be dismissed for violating the Statute of Frauds because performance of the parties' oral agreement could not be completed within a year. *Id.* at 1, 4-5. Defendant argues that Count 2 (breach of fiduciary duty) should be dismissed for failure to state a claim because Plaintiff has not shown: (i) a special relationship between Plaintiff and the insurance agent/broker Defendant; and (ii) causation. *Id.* at 1, 10-11. Defendant also seeks dismissal of Count 3 (negligence) because Plaintiff again failed to establish causation as the insurance Policy[1] excludes coverage for loss due to mechanical failure. *Id.* at 1, 5-7. Lastly, Defendant argues that Plaintiff has failed to plead consequential damages with sufficient particularity. *Id.* at 2.

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a court's review of the sufficiency of the complaint is limited to the allegations presented in the complaint and attached exhibits. *See GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Moreover, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in

---

[1] Although the Amended Complaint and the parties' reference the insurance policy throughout the Motion, the policy was not attached to the Amended Complaint. Rather, Defendant filed the policy with a separate Motion. *See* (ECF No. 54) (Defendant's Motion for Sanctions). For ease of reference, the "Policy" refers to the insurance policy found at ECF No. 54-1 titled "The Seafarer Policy."

the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted). Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 (citations and quotations omitted). Conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts may result in dismissal. *United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014) (citation omitted).

### B.  Count 1 (Breach of Contract – Failure to Procure Marine Insurance Contract)

Count 1 alleges a breach of contract claim for Defendant's failure to procure marine insurance coverage.  *See* (ECF No. 24 at 4-6).  To state a prima facie claim for breach of contract, Plaintiff must allege: (i) the existence of a valid contract; (ii) a breach; and (iii) damages flowing from the breach.  *James v. Hartford Life & Accident Ins. Co.*, No. 15-CV-1632-OrL-22DAB, 2016 WL 3102211, at *5 (M.D. Fla. Feb. 8, 2016) (citation omitted).  Further, pursuant to Florida's Statute of Frauds, an oral agreement must be performed within one year.  Fla. Stat. § 725.01.

Here, Defendant argues that Count 1 fails under the Statute of Frauds because the alleged contract was an oral agreement whereby Defendant had an "ongoing obligation" to advise Plaintiff regarding insurance needs and to procure sufficient insurance coverage to protect against the loss of the vessel.  (ECF No. 28 at 4).  According to Defendant,  because the oral agreement envisioned an "ongoing obligation,"  it could not be fully performed within one year, thus violating the Statute of Frauds.  *Id.* at 5.  In response, although Plaintiff concedes that the agreement was oral, Plaintiff argues that the Statute of Frauds is inapplicable under the circumstances alleged in the Amended Complaint because each annual renewal of the Policy resulted in a new contract.  *See generally* (ECF No. 42 at 3-5).

Upon review of the relevant case law and the allegations in Count 1 of the Amended Complaint, the undersigned finds Defendant's arguments unavailing for several reasons. First, under Florida law, each renewal of an insurance contract is considered a new contract. *James*, 2016 WL 3102211, at *3 (citing *Shelton v. Liberty Mut. Fire Ins. Co.*, 578 F. App'x. 841, 845 (11th Cir. 2014)); *see also Burlington Ins. Co. v. Indus. Steel Fabricators, Inc.*, 387 F. App'x 900, 904, n.1 (11th Cir. 2010) (noting that each time an insurance contract is renewed, a separate and distinct policy comes into existence). Thus, because the Amended Complaint alleges an annual renewal of insurance, the Statute of Frauds inapplicable. (ECF No. 24 ¶ 7, 10-11).

Second, in Count 1, Plaintiff describes the agreement between the parties as follows:

> Plaintiff entered into an agreement with Defendant under which Defendant would advise it as to insurance requirements for the operation of its vessel and to procure marine insurance sufficient to replace the expiring coverage on the vessel and to protect the Plaintiff's financial interest in and use and operation of the vessel.

(ECF No. 24 ¶ 28). Plaintiff alleges a breach in that:

> Defendant failed to procure insurance sufficient to satisfy the needs of the Plaintiff, failed to procure insurance which would provide coverage for the vessel while being operated or under navigation, failed to advise Plaintiff that the coverage secured did not cover the navigation of the vessel and failed to advise Plaintiff of the need to supply information to the carrier as to the satisfaction of the survey recommendation in order to have full navigation coverage under the policy.

*Id.* ¶ 32. Plaintiff also alleges damages as a result of the breach. *Id.* at 6. Accepting these allegations as true and drawing all reasonable inferences in Plaintiff's favor, the undersigned finds that Plaintiff has sufficiently plead a claim against Defendant for breach of an oral contract to procure marine insurance coverage. Accordingly, the Motion should be denied as to Count 1.

### C.  Count 2 (Breach of Fiduciary Duty)

Defendant challenges Count 2 (breach of fiduciary duty) on two grounds. (ECF No. 28 at 5-7, 10-11). First, Defendant asserts that Plaintiff's claim for breach of fiduciary duty fails to

4

establish causation. *Id.* at 5-7. In this regard, Defendant argues that even if the yacht had insurance coverage for navigating beyond port, mechanical failure (which allegedly led to the vessel sinking) was specifically excluded under the Policy. *See, e.g.*, (ECF No. 54-1 at 40) (listing exclusions for property damage). According to Defendant, since mechanical failure was not covered by the Policy, Defendant did not cause the insurer to deny Plaintiff's claim. (ECF No. 28 at 5-7). The undersigned, however, finds Defendant's causation/coverage argument premature at the motion to dismiss stage. Simply put, Count 2 alleges a breach of fiduciary duty by the agent/insurance broker, not a claim against the insurer for coverage under the Policy. A challenge to causation based on the Policy's coverage and/or exclusions is better addressed by the trier of fact.

Second, Defendant asserts that Count 2 should be dismissed because Plaintiff has not established a "special relationship" between the parties. (ECF No. 28 at 10-11). To state a cognizable claim for breach of fiduciary duty under Florida law, a plaintiff must adequately allege: (i) the existence of a fiduciary duty; (ii) a breach of that duty; and (iii) damages proximately resulting from such breach. *Picazio v. Melvin K. Silverman & Assocs., P.C.*, 965 F. Supp. 2d 1411, 1415 (S.D. Fla. 2013) (citation omitted); *Inspiration Yacht Charters, Inc. v. Inspiration Yacht Charters, II, Inc.*, No. 09-CV-20472, 2010 WL 5014371, at *16 (S.D. Fla. Dec. 2, 2010), *aff'd*, 488 F. App'x 408 (11th Cir. 2012) (same).

Here, in relevant part, Plaintiff alleges that:

> 38. Plaintiff entered into an agreement with Defendant under which Defendant would act as their agent and broker and advise it as to its insurance requirements for the operation of its vessel and to procure marine insurance sufficient to replace the expiring coverage on the vessel and to protect the Plaintiff's financial interest in and use and operation of the vessel.
>
> 39. As the insurance agent and broker for Plaintiff, Defendant occupied a fiduciary relationship with Plaintiff. An insurance broker has a fiduciary relationship with an insured.

40. Defendant owed a fiduciary duty to the Plaintiff to procure proper and adequate insurance for its needs.

41. Plaintiff reposed trust and confidence in Defendant to secure their interests in their property and protect them, which accepted and undertook action and performed services pursuant thereto.

42. Defendant owed the utmost duty of good faith and diligence in providing services, advice, direction and services for, and consistent with the best interests of Plaintiff.

43. Defendant was under a duty to act and provide advice for the benefit of the Plaintiff with respect to the procurement of insurance adequate and appropriate to meet the Plaintiff's needs and to advise the Plaintiff of restrictions or limitations of the insurance which it procured for Plaintiff.

* * *

45. Defendant failed to advise Plaintiff of the restrictions and failed to procure insurance for Plaintiff not subject to the restrictions which would impede or frustrate[] the Plaintiff's purposes in ownership and operation of the vessel.

46. Defendant owed a duty to inform and explain the coverage it has secured at Plaintiff's direction and to advise of any changes in the coverage secured by the Defendant for Plaintiff.

47. Defendant breached its duty by failing to procure the required insurance to protect the interests of the Plaintiff, failing to advise Plaintiff of the limitations of the insurance and failing to counsel or advise Plaintiff as to the steps necessary to ensure that it was fully covered including the necessity to provide proof of compliance with the survey recommendations as required by the carrier.

48. As a result of the breach of the Defendant's fiduciary obligations Plaintiff is without hull policy benefits and, thus, has sustained damages including but not limited to the loss of coverage for the loss to the vessel.

(ECF No. 24 ¶¶ 38-46, 47-48).

Accepting these allegations as true and drawing all reasonable inferences in Plaintiff's favor, the undersigned finds that Plaintiff has sufficiently plead a claim for a breach of fiduciary duty. Moreover, Defendant's arguments regarding lack of a "special relationship" are more appropriately left to the trier of fact. *See, e.g.*, *Tiara Condo. Ass'n, Inc. v. Marsh, USA, Inc.*, 991 F. Supp. 2d 1271, 1281-82 (S.D. Fla. 2014) (denying summary judgment and

noting that "[w]hether an insurance broker shared a 'special relationship' with its client is a question of fact for the jury."). Accordingly, the Motion should be denied as to Count 2.

### D. Count 3 (Negligence)

Defendant argues that Count 3 for (negligence) fails for lack of causation. (ECF No. 28 at 5-7). As with Count 2, Defendant's challenge to Count 3 focuses on the terms of the Policy. However, as noted above, the terms of the Policy are not dispositive at the motion to dismiss stage. To plead a negligence cause of action under maritime law, a plaintiff must allege that: (i) the defendant had a duty to protect the plaintiff from a particular injury; (ii) the defendant breached that duty; (iii) the breach actually and proximately caused the plaintiff's injury; and (iv) the plaintiff suffered actual harm. *Marabella v. NCL (Bahamas), Ltd.*, 437 F. Supp. 3d 1221, 1225 (S.D. Fla. 2020) (citations and quotations omitted). Further, to prove causation, a plaintiff must establish a cause and effect between the alleged tortious conduct and the injury—that is, cause in fact—as well as the foreseeability of the conduct producing the alleged harm—i.e., proximate causation. *Id.* at 1229 (citation omitted). At the motion to dismiss stage, however, it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence. *Id.* This requires a sufficiently detailed factual background of the alleged wrong and allegations as to the foreseeable causes of a plaintiff's injuries. *Id.*

In Count 3, Plaintiff alleges that:

> 53. Plaintiff entered into an agreement with Defendant under which Defendant would act as their agent and broker and advise it as to its insurance requirements for the operation of its vessel and to procure marine insurance sufficient to replace the expiring coverage on the vessel and to protect the Plaintiff's financial interest in and use and operation of the vessel.
>
> 54. As the insurance agent and broker for Plaintiff, Defendant occupied a fiduciary relationship with Plaintiff.
>
> 55. Defendant as an insurance professional owed a duty the Plaintiff to procure proper and adequate insurance for its needs and to advise as to limitations of

insurance or policy restrictions.

56. Defendant as an insurance professional was under a duty to act and provide advice for the benefit of the Plaintiff in a reasonable[,] complete and careful manner with respect the Plaintiff's insurance needs and to advise the Plaintiff of restrictions or limitations of the insurance which it procured for Plaintiff.

* * *

58. Defendant as an insurance professional owed to Plaintiff to fully and faithfully relay the restrictions and conditions of the policy and to ensure that Defendant understood same.

59. Defendant as an insurance professional owed to Plaintiff to seek additional or alternative insurance for Plaintiff to meet its needs for use and operation of its vessel.

60. Defendant breached the foregoing duties resulting in damage to the Plaintiff.

61. As a result of the breach of the Defendant's duties Plaintiff is without hull policy benefits and, thus, has sustained damages including but not limited to the loss of coverage for the loss to the vessel.

Accepting these allegations as true and drawing all reasonable inferences in Plaintiff's favor, the undersigned finds that Plaintiff has sufficiently plead a claim for negligence against Defendant for allegedly failing to procure the marine insurance coverage that Plaintiff asserts it requested. Accordingly, the Motion should be denied as to Count 3.[2]

### E. Alleged Damages

In the "Wherefore" clause of each count, Plaintiff seeks $785,000 in damages, including consequential and incidental damages. (ECF No. 24 at 6, 8, 10). Defendant seeks a more definite statement regarding Plaintiff's alleged damages, arguing that Plaintiff is required to specifically plead special or consequential damages. (ECF No. 28 at 2, 12).

Upon a review of the Amended Complaint, the undersigned finds that Plaintiff has sufficiently plead damages throughout its pleading. *See, e.g.*, *id.* ¶ 1 (alleging monetary damages

---

[2] Relatedly, because the Policy does not determine the sufficiency of the pleadings, the parties' argument regarding whether Plaintiff is bound by the terms of the Policy are not relevant at the motion to dismiss stage. *See, e.g.*, (ECF Nos. 28 at 7-9, 42 at 9-10).

arising from Defendant's failure to procure marine insurance and breach of fiduciary duty/negligence); ¶ 22 (alleging damages resulting from lack of full navigation coverage and restrictions to port risk); ¶¶ 25, 50 (alleging that Plaintiff sought insurance coverage to protect against $785,000 in physical loss); ¶¶ 33, 48, 61 (alleging that Plaintiff sustained damages including but not limited to the loss of coverage for the vessel).  Accordingly, the Motion for a more definite statement as to damages should be denied.

### III.     RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 28) be **DENIED.**

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on June 30, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen M. Williams
    All Counsel of Record