UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61658-WILLIAMS/VALLE

AZ55S, LLC,

    Plaintiff,

v.

FLINSCO.COM, LLC,

    Defendant.
_____

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant's Motion for Sanctions Against Plaintiff for Spoliation of Evidence (ECF No. 54) (the "Motion"). United States District Judge Kathleen M. Williams has referred non-dispositive pretrial motions to the undersigned for disposition. *See* (ECF No. 4). Having reviewed the record, the Motion, Plaintiff's Response (ECF No. 57), Defendant's Reply (ECF No. 58), the Notice of Filing Support of Defendant's Motion for Spoliation (ECF No. 61), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **DENIED** for the reasons set forth below.

### I.    BACKGROUND

In September 2022, Plaintiff filed an initial Complaint against Defendant insurance agent/broker alleging that Defendant failed to procure the proper insurance for Plaintiff's 55' Azimut Yacht. *See generally* (ECF No. 1). Plaintiff subsequently filed an Amended Complaint alleging: (i) breach of contract for failure to procure marine insurance coverage (Count 1); (ii) breach of fiduciary duty (Count 2); and (iii) negligence (Count 3). *See generally* (ECF No. 24).

Plaintiff has not brought an insurance claim against the insurer who issued the Policy[1] that underlies Plaintiff's claims. Nevertheless, the Policy and Plaintiff's sale of the vessel for salvage to a third-party are central to the Motion.

In brief, the vessel sunk on July 4, 2022 while navigating intracoastal waters. *See generally* (ECF No. 24). The Policy was written on a port risk basis, pending Plaintiff's compliance with certain survey recommendations. *Id.* ¶¶ 12, 14. Plaintiff alleges that Defendant did not advise Plaintiff of the survey recommendations needed to obtain insurance coverage during navigation. *Id.* ¶ 14. Plaintiff alleges that it learned of the Policy's port risk restrictions when Plaintiff reported the vessel's loss to Defendant. *Id.* ¶ 20. According to the briefs on the Motion, Plaintiff sold the vessel for salvage on or about July 7, 2022, days after recovering the vessel from its sunken location. (ECF Nos. 54 at 2, 5, 57 at 2, 58 at 2).

Defendant argues that Plaintiff sold the vessel for salvage without notice to Defendant even though Plaintiff was actively appealing the denial of insurance coverage. (ECF No. 58 at 1-2). According to Defendant, its inability to inspect the vessel precludes its defense that Plaintiff's loss would not have been covered because of the Policy's mechanical damage exclusion, regardless of the port risk restrictions. (ECF No. 54 at 5-6).

In response, Plaintiff insists that this case is not about the loss/condition of the vessel or about the Policy. *See generally* (ECF No. 57). Rather, Plaintiff's claims are against the insurance agent/broker for failure to procure insurance according to Plaintiff's request. *Id.* at 2. Lastly, Plaintiff argues that it sold the vessel to a third-party to mitigate its damages and that Defendant has failed to establish Plaintiff acted in bad faith. *Id.* at 5.

---

[1] The Policy references the document at ECF No. 54-1 titled "The Seafarer Policy."

2

## II. STANDARD

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (citation omitted); *see also Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020) ("Spoliation [is] the destruction of evidence or the significant and meaningful alteration of a document or instrument."). Although federal law governs this action, "the Court may look to state law for guidance to the extent that it is consistent with federal law." *Penick v. Harbor Freight Tools, USA, Inc.*, 481 F. Supp. 3d 1286, 1291 (S.D. Fla. 2020) (citation omitted).

To establish spoliation, the moving party must establish: (i) the missing evidence existed at one time; (ii) the alleged spoliator had a duty to preserve the evidence; and (iii) the evidence was crucial to the movant being able to prove its prima facie case or defense. *Penick*, 481 F. Supp. 3d at 1291 (citations omitted). Even if all three elements are met, "a party's failure to preserve evidence rises to the level of sanctionable spoliation only where the absence of that evidence is predicated on bad faith, such as where a party purposely loses or destroys relevant evidence." *Id.* (citation and quotation omitted). Mere negligence in losing or destroying evidence is not enough for an adverse inference, as "it does not sustain an inference of consciousness of a weak case." *Vick v. Texas Emp. Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975).[2] Indeed, "even grossly negligent conduct would not justify [an adverse inference] jury instruction when it is not accompanied by bad faith." *In Matter of Complaint of Boston Boat III, L.L.C.*, 310 F.R.D. 510, 516 (S.D. Fla. 2015).

---

[2] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

When direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence. *Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc.*, No. 20-CV-82102, 2021 WL 3111191, at *10 (S.D. Fla. July 22, 2021); *Penick*, 481 F. Supp. 3d at 1291 (citations omitted). Circumstantial evidence of bad faith is found where: (i) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (ii) the spoliating party engaged in an affirmative act causing the evidence to be lost; (iii) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (iv) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator. *Hyundai Motor*, 2021 WL 3111191, at *10; *Penick,* 481 F. Supp. 3d at 1291 (citations omitted). The party seeking the sanctions must establish all four factors where there is no direct evidence of bad faith. *Id.*

Additionally, district courts have broad discretion to impose sanctions based on the court's inherent "power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). Factors to consider when imposing sanctions include: "(i) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured; (ii) the practical importance of the evidence; (iii) whether the spoliating party acted in bad faith; and (iv) the potential for abuse if sanctions are not imposed." *Tesoriero*, 965 F.3d at 1184.

When appropriate, sanctions may include: (i) dismissal of the case; (ii) exclusion of testimony; or (iii) a jury instruction on spoliation of evidence that raises a presumption against the spoliator. *Flury*, 427 F.3d at 945. Dismissal is the most severe sanction available to a federal court, and therefore is only imposed "where there is a showing of bad faith and where lesser sanctions will not suffice." *Flury*, 427 F.3d at 944; *Oil Equip. Co. Inc. v. Mod. Welding Co. Inc.*,

4

661 F. App'x 646, 653 (11th Cir. 2016). "Because this Circuit requires a showing of bad faith before sanctioning a party when there is spoliation of evidence, courts in this Circuit must refrain from imposing sanctions when no bad faith is shown." *Penick*, 481 F. Supp. 3d at 1291 (citations omitted).

### III.    DISCUSSION

Against the factual and legal backdrop outlined above, the undersigned finds that Defendant has sufficiently established the first three elements of spoliation based on Plaintiff's failure to preserve the vessel: (i) the missing evidence existed at one time; (ii) the alleged spoliator had a duty to preserve the evidence; and (iii) the evidence was crucial to the movant being able to prove its prima facie case or defense. *Id.* (citations omitted). Here, there is no dispute that the vessel was recovered after it sank on July 4th. (ECF Nos. 52-2, 52-3, 54-4). There is also no dispute that within days of the recovery, Plaintiff sold the vessel for salvage. (ECF No. 57 at 9). During this time, Plaintiff was actively appealing the denial of insurance coverage. For example, on July 9, 2022 (possibly after the vessel had been sold), the parties were negotiating lifting the port risk restrictions. *See* (ECF Nos. 58 at 1-2, 58-2). These facts satisfy the first element of spoliation.

As to the second element, Plaintiff had a duty to preserve the vessel. Plaintiff does not dispute the terms of the Policy, but argues that it was not instructed to preserve or refrain from salvaging the vessel. *See* (ECF No. 57 at 1-2); *see also* (ECF No. 57-1) (Andrade Declaration).[3] Despite Plaintiff's arguments, the Policy clearly provides that any person making a claim under

---

[3] Plaintiff submitted the Declaration of Yesika Andrade, Executive Assistant to Joseph Perez, who is described as the authorized driver of the vessel. (ECF No. 57-1 ¶ 2). In other filings before the Court, however, Mr. Perez is listed as the vessel owner. *Compare* (ECF No. 54-3), *with* ECF No. 57-1 ¶ 2. The Court finds the Andrade Declaration is of minimal value. Rather, a declaration under oath by Mr. Perez, as owner and driver of the vessel, may have been more persuasive.

5

the Policy must "allow [the insurer] to inspect and appraise all damaged property before it is repaired or disposed of." (ECF No. 54-1 at 38-39) (Policy Part C(5)(c)). Plaintiff, however, failed to comply with this Policy requirement.

As to the third element, the undersigned finds that the vessel was crucial to Defendant's defense . Defendant argues that the Policy exclusion for mechanical failure would have precluded coverage even without the port risk restrictions. (ECF No. 54 at 5-6). Thus, the vessel was crucial to determining the cause of the loss and whether the Policy's mechanical or other exclusions would have applied.[4]

Despite establishing the three elements of spoliation, Defendant must also establish (by direct or circumstantial evidence) that Plaintiff's failure to preserve the vessel was in bad faith. Bad faith in the context of spoliation does not require malice or ill-will, but rather conduct evidencing more than mere negligence. *Penick*, 481 F. Supp. 3d at 1293-94 (discussing the approach of courts in this District on establishing bad faith in the context of spoliation); *see, e.g., Austrum v. Fed. Cleaning Contractors, Inc.*, 149 F. Supp. 3d 1343, 1350-51 (S.D. Fla. 2016) (noting that "bad faith" "does not require malice and is defined by weighing the degree of the spoliator's culpability against the prejudice to the opposing party); *Schultze v. 2K Clevelander, LLC*, No. 17-CV-22684, 2018 WL 4859071, at *6 (S.D. Fla. Oct. 4, 2018) (bad faith spoliation existed even though defendant's destruction of documents was "systematic and regular"); *St. Cyr v. Flying J Inc.*, No. 06-CV-13-33TEM, 2007 WL 1716365, at *5 (M.D. Fla. June 12, 2007) (finding a minimal degree of bad faith where relevance of van was reasonably foreseeable and plaintiffs failed to preserve it for defendant's inspection). Mere negligence in losing or destroying

---

[4] The Court's consideration of causation for purposes of the Motion for spoliation differs from the Court's evaluation of causation for Defendant's Motion to Dismiss the Amended Complaint (ECF No. 28), which the undersigned determines by separate Order.

6

evidence is not enough for an adverse inference, as "it does not sustain an inference of consciousness of a weak case." *Vick*, 514 F.2d at 737.  In fact, "even grossly negligent conduct would not justify [an adverse inference] jury instruction when it is not accompanied by bad faith." *Complaint of Boston Boat*, 310 F.R.D. at 516.

Here, there is insufficient direct or circumstantial evidence that Plaintiff's sale of the vessel was intended to harm Defendant, obstruct the lawsuit, or conceal evidence.  Rather, taken at face value, Plaintiff has credibly explained its reason for selling the vessel for salvage (i.e., to mitigate its damages).  Accordingly, Defendant has not met its burden of demonstrating that Plaintiff acted in bad faith, and sanctions are not warranted.  *See, e.g., Alonzo v. Biomet, Inc.*, No. 21-CV-62232, 2023 WL 2815079, at *3 (S.D. Fla. Feb. 22, 2023) (recommending that the District Court deny spoliation sanctions where moving party failed to show that explant was crucial and that plaintiff lost it in bad faith), *report and recommendation approved in part*, 2023 WL 2809920 (S.D. Fla. Apr. 6, 2023); *Edwards v. Future Motion, Inc.*, No. 22-CV-60352, 2022 WL 18144064, at *4 (S.D. Fla. Dec. 22, 2022), *report and recommendation adopted*, 2023 WL 122262 (S.D. Fla. Jan. 6, 2023) (denying motion for spoliation where passage of time and handling of evidence did not reflect bath faith); *Sanz v. Wells Fargo Bank*, No. 19-CV-23122, 2021 WL 2530257, at *6 (S.D. Fla. June 21, 2021) (denying motion for spoliation where party had credibly explained the delayed discovery of employment file); *Wilson v. Wal-Mart Stores, Inc.*, No. 07-CV-394-OC-10 GRJ, 2008 WL 4642596, at *2 (M.D. Fla. Oct. 17, 2008) (denying motion for spoliation where document destruction was part of company's business custom and information not relevant to the case); *cf. Schultze*, 2018 WL 4859071, at *6 (concluding there was no credible reason for shredding relevant documents during ongoing litigation).  Accordingly, the Motion should be denied.  *Cf. Alonzo*, 2023 WL 2809920, at *1 (denying sanctions for spoliation, but allowing cross-examination and a

7

jury instruction on rebuttable presumption that evidence would have been detrimental to plaintiff's claims and advantageous to the defense).

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Sanctions Against Plaintiff for Spoliation of Evidence (ECF No. 54) be **DENIED**.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b) (allowing 14 days for written objections unless a different time is prescribed by the Court).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on June 30, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen M. Williams
    All Counsel of Record