UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO.: 22-cv-61658-WILLIAMS

AZ55S, LLC,

    Plaintiff,

v.

FLINSCO.COM, LLC

    Defendants.
_____/

**DEFENDANT'S UNNOPPOSED/OPPOSED
IN-PART MOTION IN LIMINE TO EXLUDE EVIDENCE
PERTAINING TO INSURANCE COVERAGE, CAUSE OF EMPLOYMENT
TERMINATION OF LAURA CINTRON, AND TESTIMONY FROM JOSEPH PEREZ**

    Defendant, FLINSCO.COM, LLC ("Flinsco"), by and through its undersigned counsel, moves in limine to exclude evidence at trial pertaining to: (1) Flinsco's Insurance Coverage which is unopposed; (2) the cause of termination of former Flinsco employee, Laura Cintron; and (3) testimony from Joseph Perez; the latter two which are both opposed:

**Introduction and Factual Background**

    1.    This is a case in which Plaintiff claims that Flinsco failed to properly procure sufficient insurance coverage to protect the Plaintiff's marine vessel from the loss incurred. Plaintiff alleges that Flinsco failed to advise of a port risk restriction to the insurance policy pending satisfaction of specific marine survey recommendations. On July 4, 2022, Plaintiff's vessel flooded and partially sunk due to a catastrophic failure of the exhaust hose. Due to the port risk restrictions to coverage, the claim was denied for non-compliance with the survey recommendations. *See generally* Amended Complaint. [D.E. 24].

2. First, Flinsco maintains general liability insurance under a policy that that provides coverage in this case. To avoid jury confusion of the issues and unfair influence, Flinsco seeks to exclude any reference at trial to insurance coverage. Upon conferral, Plaintiff's counsel consents to same.

3. Second, Laura Cintron was a former employee of Flinsco who handled communicating with Plaintiff for issuance of the underlying policy covering the subject vessel. After the date of loss, Flinsco determined that Ms. Flinsco was allegedly "inflating" the number of policies issued as a means to increase her compensation. *See* Flinsco's Deposition, at 20. Ms. Cintron was terminated on October 5, 2022. Flinsco seeks to exclude any reference at trial to the cause of Ms. Cintron's firing so that the jury does not unfairly impose a lack of credibility against Flinsco, or otherwise prejudice Flinsco unfairly. Upon conferral, Plaintiff's counsel opposes such relief being granted.

4. Third, Plaintiff's Rule 26 Disclosures list Joseph Perez as "the authorized driver of the vessel who may have knowledge of the cause of the loss and the procurement of the subject insurance policy." Similarly, Yesika Andrade, Plaintiff's Designated Witness, is also listed as a witness under the disclosures as Joseph Perez's Executive Assistant "who may have knowledge of the cause of the loss and the procurement of the subject insurance policy."

5. The deposition of Plaintiff's Designated Representative had originally been scheduled for April 25, 2023, was Re-noticed for June 13, 2023, and ultimately occurred on June 22, 2023; just 8 days before the close of discovery.

6. Plaintiff's Designated Representative, Yesika Andrade, was unable to testify as to specified areas of inquiry such as: the specific contact between Joseph Perez as Plaintiff's officer with Ms. Cintron; mental condition of the vessel's operator; the specific circumstances which

Case No. 22-cv-61658-WILLIAMS

caused the loss to occur; the specific vessels insured under the subject policy and incorporated into the loss; identity of the passengers aboard the vessel; estimated cost to repair the vessel post loss; if Mr. Perez as Plaintiff's sole officer read the policy or its renewal; the mechanics of the vessel, including auto pilot or navigation capabilities; attempts to determine if the vessel could be sold for parts prior to salvaging the vessel; existence of valuation reports of the vessel post loss; the nature and amount of damages sought; and the circumstances surrounding the negotiation and purchase of the vessel to Mirage Yachts, Inc.

7. The deposition of Joseph Perez was requested on June 26, 2023.

8. On June 28, 2023, two days before the close of discovery, Plaintiff's Counsel stated by email to the undersigned:

> Alan You first asked for Mr. Perez deposition Monday the 26th in the afternoon. Yesterday we were in depositions on this case as well as other matters as we are today. Now you are demanding a response today. **We will attempt to obtain availability** but cannot guarantee the information will be provided today.

9. The undersigned replied to this email stating "Per the court's ruling today, we need to finish his deposition this week."

10. Plaintiff's counsel did not state anything further in terms of an objection or needing more time to coordinate with Mr. Perez.

11. However, at the same time, Plaintiff's counsel showed consent to post-discovery deposition by continuing to coordinate producing Ms. Andrade for a second deposition on July 7, 2023. Specifically, one day before the July 4, 2023 holiday, Plaintiff's counsel emailed Flinsco's counsel stating:

> We can conclude the corporate representative deposition on the 7th [(of July)] after 1:00 if that works for you.
> In light of the Court's order regarding discovery I would like to schedule a call with you for Wednesday to discuss the discovery objections and motion as directed in the magistrate's order (hopefully I will have my voice back by then as it keeps going in and out right now).

12. This was not the first time Plaintiff's counsel indicated delay due to health reasons; which Flinsco has accommodated especially that health issues have caused the parties depositions to have been delayed in this case from April to commencing in June of this year.

13. The undersigned responded to Plaintiff's counsel, still not having heard any expression of a change in position as to producing Mr. Perez:

> Are we doing Perez's depo on the same day? Note, his is in individual capacity, not 30(b)(6). However, we are happy to combine them if desired.

14. Plaintiff's counsel did not respond then with an objection to deposing Mr. Perez (which coordination remained in progress). Instead, she stated via e-mail the same day:

> He is not the 30(b) (6) representative.
> His deposition is **not scheduled for that day**.

15. The same day, the undersigned replied back stating "Ok. What date is Perez available?"

16. Having received no response, on July 5, 2023, the undersigned e-mailed Plaintiff's counsel stating: "Darlene, please advise as to when Perez will sit for deposition."

17. That day, Plaintiff's counsel replied back stating:

> Inasmuch as the court has declined to extend discovery , and Mr. Perez deposition was not noticed prior to the cut off,  Mr. Perez will not voluntarily appear for deposition in this matter.  Should discovery be reopened we will revisit the  issue.

18. Given Mr. Perez's refusal to appear for deposition, it is just and proper to exclude his testimony at trial.

## **MEMORANDUM OF LAW**

### I. Legal Standard

The District Court's have inherent authority to manage their trials including excluding evidence raised though motions in limine. *See Mowbray v. Carnival Corporation*, 2009 WL 10667070 at *2 (S.D. Fla. 2009).

"In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010).

"The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is defined as relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). FED. R. EVID. 401. Pursuant to Fed. R. Evid. 402 "[i]rrelevant evidence is not admissible."

## II.     Evidence regarding Flinsco's Insurance Coverage should be Excluded

Flinsco is insured against the types of claims raised against it by Plaintiff in the Amended Complaint filed in this action.

Under the Federal Rules of Evidence, whether a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. FED. R. EVID. 411. The court may admit this evidence for another purpose, such as proving a witness bias or prejudice or proving agency, ownership, or control. *Id.* Evidence of liability insurance may also be utilized to as relevant admissible evidence to rebut a defendant's assertion that a punitive damages award would impact its finances. *In re Wright Med. Tech. Inc.*, No. 1:13-CV-297-WSD, 2015 WL 6690046, at *3 (N.D. Ga. Oct. 30, 2015).

In the present case, Plaintiff has not pled nor is entitled to an award of punitive damages. Existence of liability insurance covering Flinsco for the underlying claims involved in this action

is precluded under Rule 411 and no other qualifying exceptions to the rule are present in this action. For these reasons, evidence of Flinsco's liability insurance coverage should be precluded from evidence as inadmissible under the rules. Moreover, Plaintiff consents to same.

### III. Evidence Pertaining to the Cause for termination of Ms. Cintron's Employment is Irrelevant and Unfairly Prejudicial

Under the Federal Rules of Evidence, District Court's may exclude evidence, even relevant evidence, when such evidence is less probative than the risk of unfair prejudice to a party and/or conflating issues. *See* Fed. R. Evid. 403.

Notably, Plaintiff has never deposed Ms. Cintron. Flinsco does not deny that evidence pertaining to her involvement in procuring the subject policy for Plaintiff is relevant in terms of her actions and communications as the Amended Complaint alleges Ms. Cintron failed to procure adequate insurance coverage.

However, the reason *why* Ms. Cintron was fired has nothing to do with the claims or defenses in this case and are therefore, inadmissible as irrelevant. Indeed, this is not an employment dispute. As such, evidence pertaining to her firing would likely confuse the issues to the jury.

However, the cause of Ms. Cintron's employment casts her in a negative light. Because she was employed by Flinsco at the time in question, the jury would likely impose such biased viewing against Flinsco which would be baseless.

Based on the foregoing, the balance tips in favor of exclusion.

### IV. Fairness Calls for Mr. Perez to be Precluded from Testifying at Trial because he Refused to Sit for Deposition

The deposition of Mr. Perez was sought before the close of discovery and once the need arose due to Plaintiff producing a designated witness who was unprepared to testify as to the allegations. Initially, Mr. Perez indicated cooperation through his/Plaintiff's counsel and this was

prior to the close of discovery. In reliance on same, the undersigned requested the deposition to occur prior to the close of discovery which Plaintiff let the clock run out on while expressing cooperation was in progress along with having "voice" issues. This is coupled with Plaintiff's consent to a post-deadline deposition of Plaintiff continuing on July 7, 2023 which collectively conveyed dates for Mr. Perez would be forthcoming; especially, in light of no express objection upon request and given that it would be contrary to producing Ms. Andrade to be deposed in July as Plaintiff did.

Unfortunately, Plaintiff reneged on its statement and refused to produce Mr. Perez for deposition entirely. However, given the circumstances, Plaintiff should not be able to contrarily call Mr. Perez to testify at trial. Accordingly, it is just and proper for the Court to exclude Mr. Perez as a fact witness at trial.

WHEREFORE, Defendant, FLINSCO.COM. LLC, requests the Court to enter an Order excluding: (1) any reference to its insurance coverage; (2) the nature or cause for termination of Laura Cintron's employment; and (3) any the testimony of Joseph Perez; and to grant any other relief in favor of the movant.

**CERTIFICATION OF COMPLIANCE
WITH LOCAL RULE 7.1(a)(3) AND GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3) and Rule 37(a) of the Federal Rules of Civil Procedure, Alan St. Louis, counsel for the movant, conferred in good faith with Darlene Lidondici, counsel of the non-movant, on August 23, 2023, and again on September 4 to 7, 2023, via e-mail exchange. Ms. Lidondici indicated Plaintiff does not object to precluding evidence pertaining to FLINSCO.COM, LLC's insurance coverage. However, she conveyed Plaintiff opposes the balance of the Motion including the issues of Ms. Cintron's firing, and excluding Mr. Perez as a trial

witness. The parties have been unable to reach further agreement on the issues raised in this Motion.

    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6734
Primary e-mail: alan.stlouis@csklegal.com
Secondary e-mail: victoria.agonzalez@csklegal.com
Alternate e-mail:  zusel.martin@csklegal.com
Alternate e-mail:  vincenza.candela@csklegal.com

s/ Alan St. Louis
ALAN ST. LOUIS
Florida Bar No.:  70751
VICTORIA ANN GONZALEZ
Florida Bar No.:  116404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on all counsel of record identified in the service list below via email on September 21, 2023.

    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6734
Primary e-mail: alan.stlouis@csklegal.com
Secondary e-mail: victoria.agonzalez@csklegal.com
Alternate e-mail:  zusel.martin@csklegal.com
Alternate e-mail:  vincenza.candela@csklegal.com

s/ Victoria Ann Gonzalez
ALAN ST. LOUIS
Florida Bar No.:  70751
VICTORIA ANN GONZALEZ
Florida Bar No.:  116404

**Service list:**
CHRISTOPHER R. FERTIG, ESQ.
DARLENE M. LIDONDICI, ESQ.

Case No. 22-cv-61658-WILLIAMS

FERTIG & GRAMLING
200 SOUTHEAST 13TH STREET
FORT LAUDERDALE, FLORIDA 33316
TELEPHONE: 954-763-5020
FACSIMILE: 954-763-5412
Attorney for the Plaintiff